Filed 3/30/15  Nautilus Ins. Co. v. United Capital Investments CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NAUTILUS INSURANCE CO.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>UNITED CAPITAL INVESTMENTS,<br>INC.,<br><br>Defendant and Appellant. | B253738<br><br>(Los Angeles County<br>Super. Ct. No. BC491574) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Terry A. Green, Judge.  Affirmed.

_____

Vivoli Saccuzzo, Michael W. Vivoli and Zachariah R. Tomlin for Defendant and Appellant.

Selman Breitman, Meka Moore, Elisabeth M. D'Agostino and Britt L. Karp for Plaintiff and Respondent.

_____

United Capital Investments, Inc. appeals from the judgment entered after the trial court granted summary judgment in favor of Nautilus Insurance Company in this action for breach of contract and money owed regarding payment of a deductible on insurance claims. United contends that summary judgment was improper because triable issues of material fact exist as to whether it owed the deductible to Nautilus. We disagree and thus affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  *The Complaint*

On September 6, 2012, Nautilus filed a complaint against United alleging causes of action for breach of contract and money owed. According to the complaint, and the policy of insurance attached thereto, Nautilus issued a commercial general liability policy, effective December 24, 2007 to December 24, 2008, covering bodily injury and property damage to third parties at an apartment building owned and managed by United. The policy contained a per claim deductible of $500. On November 23, 2009, tenants filed an action against United related to habitability deficiencies existing at the apartment and sought damages for bodily injury or property damage. United tendered defense of the tenant action to Nautilus and other insurers. The tenant action, which had 58 plaintiffs, settled for $425,000, with Nautilus paying $125,000 on behalf of United and the other insurers covering the remainder. After the settlement, Nautilus sought from United payment of the deductible provided for in the policy, requesting a total amount of $29,000, consisting of the $500 deductible specified in the policy multiplied by the 58 tenant claims. United refused to pay Nautilus $29,000, which resulted in the filing of the complaint.

2.  *Nautilus's Motion for Summary Judgment*

Nautilus moved for summary judgment, contending that as a matter of law United owed the $500 deductible specified in the policy for each of the 58 claims. Under the policy, Nautilus provided coverage for amounts that United "becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" to third parties. The policy did not cover property damage to the apartment building itself. A policy

2

endorsement provided for a $500 per claim deductible: "Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule as applicable to such coverages." The deductible "applie[d] toward investigation, adjustment and legal expenses incurred in the handling and investigation of each claim, whether or not payment is made to the claimant, compromise settlement is reached or the claim is denied." The policy further outlined that a deductible on a per claim basis applied as follows: "a. Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of 'bodily injury'; [¶] b. Under Property Damage Liability Coverage, to all damages sustained by any one person because of 'property damage'; or [¶] c. Under Bodily Injury Liability and Property Damage Liability Coverage Combined[,] to all damages sustained by any one person because of: [¶] (1) 'Bodily injury'; [¶] (2) 'Property damage'; or [¶] (3) 'Bodily injury' and 'property damage' combined as the result of any one 'occurrence.'" With respect to the deductible, Nautilus, at its sole election, had the option to "[p]ay any part or all of the deductible amount to effect settlement of any claim or 'suit' and, upon notification of the action taken, [United] will promptly reimburse [Nautilus] for such part of the deductible amount as has been paid by [Nautilus]." Based on these policy terms, Nautilus maintained that it was entitled to $29,000 from United as the deductible for the 58 claims settled by Nautilus's payment of $125,000 in connection with the tenant action.

Nautilus also relied on a letter it had sent to United after tender of the defense of the tenant action in which it stated, "Your policy has an endorsement form . . . that calls for[] United . . . to pay a $500.00 deductible towards any claim or expense incurred in an investigation of a claim. Since our investigation may result in the incurring of expenses and/or loss payment, we may be requesting payment of the applicable deductible." After the settlement, on August 9, 2011, Nautilus sent a letter to United stating, "We have now incurred expenses and/or made payments subject to your $500.00 policy Per Claim (58) deductible and are now requesting payment of the $29,000 deductible." Nautilus asserted

that these two letters, along with the policy language, demonstrated it was entitled as a matter of law to collect its deductible.

2. *United's Opposition*

In opposition to summary judgment, United did not contest the terms of the insurance policy, but maintained that Nautilus was estopped from collecting or had waived its right to collect the deductible. As support for its theory, United submitted the declaration of its president, Rahim "Ray" Golbari, who stated that counsel retained by Nautilus to represent United in the tenant action had advised him that "United's only financial obligation after the settlement would be to make extensive repairs to its building. [He] did not believe those repairs were necessary and would not have agreed to make them but for [his] understanding payment for those repairs would represent United's only expense in connection with the defense of and settlement of the [tenant] [a]ction. [He] certainly would not have signed the settlement agreement nor consented to it if [he] was advised that on top of those repairs, United would *also* have to pay almost $30,000 to Nautilus. [¶] . . . United spent between $150,000 and $200,000 making above-referenced repairs to the building that were demanded by the plaintiffs in the [tenant] [a]ction. Again, United would not have made those repairs but for its understanding—based on representations made by the attorneys retained by Nautilus to defend the [tenant] [a]ction—that these repairs were required in order to settle the [tenant] [a]ction and that these repairs would represent the full extent of United's financial obligation to resolve that litigation."[1]

3. *Nautilus's Reply*

In reply, Nautilus demonstrated that the settlement agreement between the tenants and United did not contain any term requiring United to repair the building as a condition

---

[1] United also argued in opposition to summary judgment that, even if it owed a deductible to Nautilus, it was not required by the policy terms to pay $29,000. The trial court did not address this argument, and United does not raise it on appeal as a basis to reverse the judgment. As a result, we need not address it. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538 [failure to brief issue constitutes waiver or abandonment of it on appeal].)

of the settlement. Nautilus objected to the Golbari declaration on the grounds that it violated the parol evidence rule by attempting to add to or modify the settlement agreement and that it contained inadmissible hearsay statements. Nautilus maintained that no admissible evidence supported United's waiver or estoppel theory and that as a matter of law it was entitled to the deductible under the terms of its policy.

4.     *The Trial Court's Ruling*

The trial court granted summary judgment for Nautilus. The court concluded that "[t]he policy and the settlement agreement [in the tenant action] are fully integrated documents"; "[t]he policy contains a deductible endorsement[,] which requires United . . . to pay $500 per claim[,] which is defined as the number of persons making claims for bodily injury and/or property damage"; "[t]he deductible endorsement applies toward investigation, adjustment and legal expenses incurred in the handling and investigation of each claim, whether or not payment is made to the claimant, compromise settlement is reached or the claim is denied"; "[t]here were 58 plaintiffs in the [tenant] action"; "[t]he declaration of Rahim 'Ray' Golbari sought to establish waiver and estoppel based upon representations allegedly made by his counsel appointed by [Nautilus] in the [tenant] [a]ction"; "the evidence of these statements represents parol evidence and thus . . . Nautilus'[s] evidentiary objections regarding Mr. Golbari's declaration [are granted]"; "[a]s a matter of law, Nautilus did not waive the deductible"; "[a]s a matter of law, Nautilus is not estopped from obtaining reimbursement of the deductible"; "Nautilus is entitled to judgment on all its causes of action for (1) Breach of Contract and (2) Common Count For Money Owed"; and "United . . . must pay the deductible of $29,000 ($500 x 58) plus costs and interest to Nautilus." The court entered judgment in favor of Nautilus, and United filed a timely notice of appeal.

**DISCUSSION**

A trial court must grant a summary judgment motion when no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We independently review the trial court's decision, "considering all of the evidence the parties offered in connection with the motion (except

5

that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

According to the undisputed facts, Nautilus's policy covered damages to third parties in the form of bodily injury and property damage incurred at the apartment building owned and managed by Nautilus. The policy had a $500 per claim deductible, which was based on the number of individuals making a claim. Nautilus's obligation under the policy to indemnify United applied only to the amount of damages in excess of the deductible. United tendered defense of the tenant action to Nautilus, and Nautilus defended United in the action. The tenant action had 58 plaintiffs making a claim or claims against United. Nautilus informed United that it may incur loss or expense as a result of the claims and thus United may be responsible for paying the policy deductible, either upfront or by way of reimbursement. Nautilus, along with the other carriers, settled the tenant action, with Nautilus paying $125,000 on United's behalf. A settlement agreement between United and the tenants did not condition the settlement on United making any repairs to the apartment building. Indeed, it released all obligations of United except for those stated therein, namely the payment of $425,000, which was covered by Nautilus and other insurers. After settlement of the action, Nautilus requested from United payment of the deductible in the amount of $29,000 ($500 multiplied by the 58 tenant claims). These undisputed facts demonstrate that Nautilus was entitled to summary judgment.

United attempted to defeat summary judgment by virtue of the Golbari declaration, which stated that counsel retained by Nautilus to represent United in the tenant action had advised him that "United's only financial obligation after the settlement would be to make extensive repairs to its building" and that the "repairs were required in order to settle the [tenant] [a]ction and . . . would represent the full extent of United's financial obligation to resolve the litigation." In addition, those repairs were not necessary in his opinion, and he would not have made them "but for [his] understanding payment for those repairs would represent United's only expense in connection with the defense of and settlement of the [tenant] action."

6

The settlement agreement between United and the tenants, however, contained no term relating to building repairs, let alone suggested that United was required to complete certain repairs as a condition of the settlement. Rather, it provided solely for the payment of $425,000 in exchange for dismissal of the tenant action.[2] The settlement agreement between United and the tenants was an integrated document: "This Agreement is intended by the parties hereto as the final expression of their agreement as a complete and exclusive statement of the terms and provisions thereof. Nothing other than this Agreement shall be relevant or admissible to supplement or vary any of the terms or provisions set forth herein. No party hereto has made any statement or representation to any other party regarding any fact or facts relied upon by any other party in entering into this Agreement, and each party specifically does not rely upon any statement, representation, or promise of any other party in executing this Agreement, or in making the settlement provided for herein. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the parties hereto relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party hereto, except as specifically set forth in this Agreement. All prior discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement." As a result, Golbari's statements in an attempt to add to or modify the settlement agreement between United and the tenants by inserting repairs to the building as a condition of the settlement, which related to damages for bodily injury or property damage claimed by 58 tenants, are barred by the parol evidence rule. (Code Civ. Proc., § 1856, subd. (a).)

United contends the parol evidence rule does not apply based on the misunderstanding that Nautilus is relying on the parol evidence rule to prevent modification of the insurance policy between Nautilus and United. But the parol evidence rule is being used to preclude United from adding to or modifying the terms of

---

[2] Another agreement between the insurers defined Nautilus's portion of the settlement on United's behalf as $125,000 and also did not provide for any repairs as a condition of settlement.

7

the integrated settlement agreement between it and the tenants. And, contrary to United's position, the interpretation of the settlement agreement is at issue, because United maintains that certain conditions, namely its responsibility to make repairs as part of the settlement, were terms of the settlement although they are not in the agreement. United also maintains that the parol evidence rule does not apply because it did not participate in the drafting of the settlement agreement, nor did it ultimately execute the agreement, which was signed by counsel retained by Nautilus. But, as noted, Nautilus under the policy could settle the tenant action at its discretion on United's behalf; consent by United was not required. United thus was represented in the drafting and execution of the settlement agreement.[3] United also relies on the fraud exception to the parol evidence rule (see *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169) to argue against its applicability. But Golbari's declaration did not suggest that the settlement agreement was tainted by fraud, nor did United assert fraud as an affirmative defense in this action.

Moreover, even if the parol evidence rule were not applied to exclude the statements in Golbari's declaration, the statements did not establish a triable issue of material fact as to whether United was required to pay the deductible to Nautilus as specified by the policy. No evidence indicated that counsel hired by Nautilus to represent United in the tenant action was connected to or involved with enforcement of policy issues between Nautilus and United. Rather, the evidence demonstrated that Nautilus retained the counsel with respect to the tenant action "to protect the interests of United . . . pursuant to the terms and conditions of the insurance policy" by "defending all causes of action in the [c]omplaint . . . ." According to the policy, Nautilus "will have the right and duty to defend [United] against any 'suit' seeking those damages . . . for

---

[3]     In any case, the 1978 amendment to the parol evidence rule suggested that evidence extrinsic to an integrated written document may be excluded in an action involving third parties as well as between the contracting parties. (See *Garcia v. Truck Ins. Exchange* (1984) 36 Cal.3d 426, 435, fn. 3; *Neverkovec v. Fredericks* (1999) 74 Cal.App.4th 337, 350, fn. 8; *General Motors Corp. v. Superior Court* (1993) 12 Cal.App.4th 435, 441, fn. 1.)

'bodily injury' or 'property damage.'"  Indeed, the Golbari declaration is silent on any issue between Nautilus and United on policy terms, including the deductible provisions.

Golbari claims that, because United made repairs to its apartment building, it should not have to pay its deductible.  But the policy did not cover property damage to the building itself.  As a result, repairs made to the building would not impact Nautilus's enforcement of the policy provision that United reimburse it for the deductible related to tenant claims for bodily injury or property damage.  Payment of the deductible on the claims was triggered not as a result of the settlement per se but because of the claims themselves and costs or expenses incurred by Nautilus in connection therewith.  In similar regard, under the policy, Nautilus could settle the tenant action at its discretion by paying for covered damages.  Nautilus thus did not need Golbari to agree to the settlement, and as a result his statement that he would not have consented to it had he known United would be required to pay the deductible did not create a triable issue of material fact.

## DISPOSITION

The judgment is affirmed.  Nautilus is entitled to recover its costs on appeal. NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.                              JOHNSON, J.


9